ANDREW RATH v. R. T. ORR AND CHARLES BELL, Appellants.

**Mechanic's Liens:** CONTRACT: PAYMENTS: ESTOPPEL. The owner of the premises entered into a contract with his codefendant to furnish material and labor to erect certain buildings. To a subcontractor he stated that by the terms of the contract he was to pay nothing until the buildings were completed. *Held*, that in an action by the subcontractor to enforce his lien he was estopped to deny that the contract, with respect to payments, was different than stated by him.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER, Judge.

FRIDAY, FEBRUARY 6, 1903.

ACTION to foreclose a mechanic's lien. Judgment for the plaintiff, from which the defendants appeal.—*Affirmed.*

*W. D. Evans* for appellant Bell.

*J. H. Scales* for appellee.

SHERWIN, J.—Bell is the owner of the premises upon which the lien is sought to be established. He entered into a contract with his codefendant, Orr, by the terms of which Orr was to furnish the material and labor for certain buildings to be put upon the premises for a specified sum. The plaintiff furnished a part of the material which went into the buildings, and the defendant Bell knew that he was so doing, and stated to him before any of it was delivered that he was not to pay Orr anything on the contract until the buildings were completed. The contract seems to have been in writing, and in court at the trial, but it was not introduced in evidence. Bell, however, testified, without objection, that he was required by its terms to advance money as needed for cash payments, and, as this was

uncontradicted, it may be treated as an established fact. But if true, it is certain that his statement to the plaintiff as to when payment was due was false, and he is estopped from now claiming otherwise. Even if as stated by him on the witness stand, the contract is indefinite, and it is doubtful whether it provides for payments during the progress of the work with such certainty as to cut off the right of the plaintiff under the rule as to payments in strict accordance with the contract. But however this may be, the appellant is clearly estopped by his statement to the plaintiff. We think there is sufficient competent evidence to show the material furnished and its value. If the petition is inconsistent in its claim, it was not assailed in the court below, and warranted the conclusion there reached that the plaintiff was entitled to recover as a subcontractor. When the plaintiff began furnishing the material, the appellant had a sufficient amount of the contract price left to pay the plaintiff's bill in full, and equity requires that he now pay it.

The judgment is AFFIRMED.

WEAVER, J., taking no part.